IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EDWARDS,

    Plaintiff,                    No. CIV S-10-0298 DAD P

    vs.

N. GRANNIS, et al.,               ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's claim that defendant Peck violated plaintiff's rights under the Eighth Amendment by confiscating his laundry bucket without providing him with other means to wash his personal clothing. The matter is before the court on cross-motions for summary judgment.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On May 11, 2010, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

/////

ANALYSIS

I. <u>Undisputed Facts</u>

The undisputed facts submitted in connection with the cross motions for summary judgment establish the following. At all times relevant to this action plaintiff has been an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), housed at California State Prison-Solano (CSP-Solano). Def.'s Mot. for Summ. J. filed September 20, 2011 (Doc. No. 30), Ex. B - Dep. of David Edwards (Edwards Dep.) at 8:11-17. At all times relevant to this action, defendant Peck was a facility Captain for Facility 1 at CSP-Solano. <u>Id.</u>, Ex. C - Decl. of S. Peck (Peck Decl.) at ¶ 2. In the Spring of 2008, defendant Peck directed correctional staff on Facility 1 to not allow inmates to keep large plastic buckets in their cells. <u>Id</u>. at ¶ 4. Defendant Peck's intention was to prevent inmates from misusing those buckets. <u>Id</u>.

On arrival at CSP-Solano, inmates are issued three pairs of pants, three short-sleeve shirts, five t-shirts, five pairs of boxer shorts, five pairs of sox, one pair of boots, one denim jacket, one belt, one nylon jacket, and one yellow raincoat. <u>Id.</u>, Ex. D, Attach. 1 to Decl. of T. Lewis (Lewis Decl.), at 1. CSP-Solano provides laundry services to inmates for state-issued clothing. <u>Id</u>. at 1-2. In 2008, inmates were able to have laundered once a week up to three pairs of underwear, three t-shirts, three pairs of socks, one pillowcase, two towels, two shirts, two pants, and one denim jacket. <u>Id</u>.; Peck Decl. at ¶ 7. They were also allowed to exchange dirty sheets for clean sheets once a week. Peck Decl. at ¶ 7.

Inmates were also allowed to possess personal items of clothing, including t-shirts, underwear, socks, long underwear, sweats, and shorts. Edwards Dep. at 13:14-18. However, personal items could not be washed through the prison laundry service. Lewis Decl, Attach. 1 at 2. Plaintiff possessed personal clothing in the spring of 2008, and he used a large plastic bucket in which to wash his clothes. Edwards Dep. at 16:16-18. In May 2008, plaintiff's bucket was confiscated pursuant to defendant Peck's order. <u>Id</u>. at 17:15-18; to Pl.'s Mot. for Summ. J., filed Aug. 17, 2011 (Doc. No. 27), Ex. A at 4.

Plaintiff was housed in a cell that had a sink with running hot and cold water. Def.'s Ex. E - Decl. of A. Prasad (Prasad Decl.), at ¶¶ 2-3. The sink bowl was five inches deep and fourteen and three quarter inches by nine inches. Id. at ¶ 2.

II. Cross-Motions

Plaintiff seeks summary judgment in his favor on the ground that defendant Peck's order to remove the plastic bucket which plaintiff used to launder his personal clothing left him with no adequate means to clean his personal clothing, violating the Eighth Amendment's requirement that prison officials provide means for adequate hygiene for inmates in their custody. Defendant Peck seeks summary judgment in his favor on the grounds that: (1) plaintiff's inability to wash his personal clothing does not violate the Eighth Amendment where, as here, the state provides adequate clothing and laundry services; (2) defendant Peck did not deliberately subject plaintiff to harm by confiscating the plastic bucket; and (3) defendant Peck is entitled to qualified immunity.

The Eighth Amendment requires that prison officials provide inmates with, inter alia, adequate clothing and sanitation. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Plaintiff does not contend that the state-issued prison clothing provided to him was in any way inadequate, or that the laundry services provided for that clothing were inadequate to support personal hygiene, nor would the record support such a finding. Plaintiff's dispute with defendant is over defendant Peck's alleged failure to provide an alternative method for plaintiff to wash and clean his personal clothing.[1] However, where, as here, it is undisputed that plaintiff was provided with adequate clothing and adequate laundry services for that clothing, the Eighth Amendment is not violated by any failure by state officials to provide prisoners a means for cleaning their personal clothing items. When a prisoner is deprived "of the minimal civilized measure of life's necessities" as measured under a contemporary standard of decency, the Eighth

---

[1] Defendant contends that the sink in plaintiff's cell was adequate for cleaning plaintiff's personal clothing. The court need not reach that question.

1  Amendment may be violated.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  However, plaintiff's claim that he was denied a plastic bucket in which to wash his personal, as opposed to state issued, clothing simply does not rise to that level.

    For the foregoing reasons, defendant Peck is entitled to summary judgment in his favor.

    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

    IT IS HEREBY RECOMMENDED that:

    1. Plaintiff's August 17, 2011 motion for summary judgment be denied; and

    2. Defendant Peck's September 20, 2011 motion for summary judgment be granted.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
edwa0298.msj